[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
 I FACTS
This action arises out of financial losses sustained by the plaintiff due to the failure of the investments she made upon the advice of her investment counselor, one of the defendants, Paul Golub. The relevant complaint is in five counts: alleging fraud, negligence, breach of fiduciary duty, violations of the Connecticut Unfair Trade Practices Act (CUTPA) and violations of the Connecticut Uniform Securities Act (CUSA). At issue is whether CUTPA can be applied to deceptive practices in the purchase and sale of securities. The defendants have moved to strike count four of the complaint, claiming that CUTPA does not "cover the purchase and sale of securities." For reasons set forth in detail below, the court holds that CUTPA does not apply to such sales and grants the motion to CT Page 8652 strike count four of plaintiff's third amended complaint.
 II DISCUSSION
A. Legal Standard
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, the trial court examines the complaint "construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375 378, 698 A.2d 859 (1997). When deciding the motion, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied . . ." (Citation omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626,749 A.2d 630 (2000).
The defendants argue that the allegations of count four of the complaint are of deceptive practices in the purchase and sale of securities which come within the scope of CUSA, not CUTPA. They rely strictly on the holding of Russell v. Dean Witter Reynolds, Inc.,200 Conn. 172, 510 A.2d 972 (1986), which found that CUTPA does not purport "to cover transactions for the purchase and sale of securities." Id., 180. Therefore, the defendants argue that a plaintiff seeking recovery for alleged deceptive practices involving the purchase and sale of securities must pursue the claim under CUSA.
B. The Plaintiff's Claims
In response to the defendants' argument, the plaintiff contends that the defendants have ignored the implications of Connecticut National Bankv. Giacomi, 233 Conn. 304, 659 A.2d 1166 (1995), a case which the plaintiff claims involves more than the mere sale of securities, and is therefore similar to the case before the court. In that Supreme Court decision, the plaintiff contends, the court suggests that an action under CUTPA may lie against the aiders and abettors of the sale.
The plaintiff alleges in paragraph eight of count four that, in CT Page 8653 reliance upon the representations of Golub and O'Hara, she purchased three promissory notes, having a total principal value of more than $216,000 (one of which was subsequently dishonored at maturity) and an additional investment of $70,000, with the result that the plaintiff's investment was lost. The complaint classifies these investments as "securities." (Count five, ¶ 6.)[1] "The [t]est for a security is whether the scheme involves an investment of money in the common enterprise with profits to come solely from the efforts of others so that whenever an investor relinquishes control over his funds and submits their control to another for the purpose and hopeful expectation of deriving profits therefrom he is in fact investing his funds in a security." (Internal quotation marks omitted.) Champaigne v. Scarso, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348470 (August 26, 1999, Nadeau, J.) (25 Conn.L.Rptr. 368, 369). From these facts, the court concludes that her investments were securities.
The plaintiff claims that even though her investments fall within the scope of CUSA, she is also entitled to available CUTPA remedies. She does not specify the "implications" of Connecticut National Bank v. Giacomi, supra, 233 Conn. 304, which lend authority to her CUTPA claim. InGiacomi, the plaintiff bank as payee brought suit to recover the balance due on promissory notes executed by the defendant investors. The defendants each filed special defenses claiming, inter alia, that the notes were unenforceable on the basis that the bank had violated CUSA by aiding and abetting fraud in connection with the defendants' purchase of the securities from the general partners of a real estate investment enterprise. Each defendant also filed a counterclaim against the bank alleging a violation of CUTPA.
The Giacomi court found validity in the special defenses based on CUSA, and granted judgment for the defendants on the complaint. It also granted judgment for the plaintiff on the CUTPA counterclaims. Only the trial court's judgment on the complaint was appealed. On appeal, the Supreme Court rejected the defendants' special defenses to the extent they were based on General Statutes § 36-472 (now General Statutes § 36b-6), holding that, since § 36-472 does not provide for aider and abettor liability, and therefore, the plaintiff's bank did not violate § 36-472. The court noted, however, that preclusion of such liability under § 36-472 "does not unduly limit the avenues of recourse available to aggrieved investors." In an obvious reference to the defendants' CUTPA counterclaims, the court in dicta stated that"parties often may find relief through other means such as . . . otherapplicable statutes, including-as suggested by the facts of thisparticular case-the Connecticut Unfair Trade Practices Act(CUTPA). . . ." (emphasis added). Id., 331 n. 29. CT Page 8654
It is this statement in Giacomi upon which the plaintiff in the present case apparently relies for her contention that she may bring both a CUSA and a CUTPA claim. Such reliance is, however, misplaced for several reasons. First, the court's suggestion that alternative relief is available under CUTPA was partially because the party allegedly in violation of CUTPA in that case was a bank. This is evident from the immediately ensuing citation to Normand Josef Enterprises, Inc. v.Connecticut National Bank, 230 Conn. 486, 518-21, 646 A.2d 1289 (1994), for the proposition that CUTPA applies to the banking industry but not to the securities industry. See Connecticut National Bank v. Giacomi, supra, 233 Conn. 331 n. 29. One major difference between this case andGiacomi is that no CUTPA defendant in the present case is involved in the banking industry, but rather they are all involved in the securities industry. Moreover, the Giacomi court's discussion involving available alternative relief such as CUTPA was in response to criticism of its holding that relief was not available under the CUSA provision at issue. Id., 329, 331 n. 29. Thus, the court's discussion cannot be interpreted as stating that relief is available under both CUSA and CUTPA.
Finally, the sole issue addressed in Giacomi was whether any provision of CUSA provided for aider and abettor liability. Although the defendants asserted a CUTPA claim, they ultimately did not prevail for reasons not stated in the Supreme Court opinion and the lower court judgment against them was not appealed. The court concludes that the argument advanced by the plaintiff that Giacomi stands for the general proposition that parties who violate CUSA may also be held liable under CUTPA is not viable. This argument was neither addressed in nor consistent with the ultimate outcome of Giacomi and must fail.
C. Defendants' Claims
In contrast to Connecticut National Bank v. Giacomi, supra,233 Conn. 304, Russell v. Dean Witter Reynolds, Inc., supra, 200 Conn. 172, presents facts closer to the present case. Russell involved a claim by an investor against a brokerage firm and its employee, the plaintiff's stockbroker, for losses sustained by the plaintiff as the result of a securities transaction which the defendants had arranged for the plaintiff. In discussing the applicability of CUTPA remedies to such a situation, the court noted that "[w]e have not previously had occasion to consider whether an aggrieved buyer of securities may also invoke the provisions of CUTPA to afford him additional remedies, principally in the form of punitive damages." Id., 176. The court further noted that "[t]he crucial question is not whether CUSA transactions are exempt from CUTPA but whether CUTPA itself can fairly be interpreted to encompass such transactions in the first instance." Id., 178. The court concluded, using Federal Trade Commission (FTC) rulings and cases, "that CUTPA does not CT Page 8655 apply to deceptive practices in the purchase and sale of securities. The FTC has never undertaken to adjudicate deceptive conduct in the sale and purchase of securities, presumably because such transactions fall under the comprehensive regulatory umbrella of the Securities and Exchange Commission. . . . [T]he plaintiff has cited no case in which the FTC or a federal court has applied the FTC Act to a securities transaction and we have found none. Indeed, in an agency statement listing the types of transactions and conduct to which the FTC Act applies, the FTC makes no mention of securities." (Citations omitted.) Id., 180.
The court further found that "following the lead of the FTC, Connecticut has long separated regulation of the purchase and sale of securities from the regulation of unfair trade practices in other industries." Id., 182-83. "CUSA unequivocally provides a private cause of action for injuries caused by deceptive purchases and sales of securities." Id., 181. "[T]he commissioner of consumer protection, who bears administrative responsibility for the enforcement of CUTPA, has never sought to enforce CUTPA in the context of a security transaction. The commissioner has promulgated no regulation pertaining to the deceptive sale of securities; Regs., Conn. State Agencies §§ 42-110b-1
through 42-110b-28; and, to the best of our knowledge, has obtained not one order or injunction relating thereto." Id., 182; see also NormandJosef Enterprises v. Connecticut National Bank, supra, 230 Conn. 508,512, 516, 519.
Based on a detailed analysis of the applicable cases, the court concludes that CUTPA does not apply to deceptive practices in the purchase and sale of securities. Russell v. Dean Witter Reynolds, Inc., supra, 200 Conn. 180. Accordingly, the defendants' motion to strike the fourth count of the complaint is granted.
BY THE COURT
BARBARA M. QUINN, Judge.